**FILED**

**NOT FOR PUBLICATION**

JUL 28 2006

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 05-10472 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-04-00239-DAE |
| v. | |
| CARL GRAHAM ROBERTS, JR., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted July 24, 2006**

Before:   ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

Carl Graham Roberts, Jr., appeals from the 3-year sentence imposed following his guilty-plea conviction for unauthorized sale of government property in excess of one thousand dollars, in violation of 18 U.S.C. §§ 641 and 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*   This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We are not persuaded by Roberts' contention that the district court violated his constitutional right to a jury trial when it sentenced him above the advisory sentencing guidelines range. *See United States v. Mix*, 450 F.3d 375, 383 (9th Cir. 2006).

Nor are we persuaded by Roberts' contention that his constitutional right to due process was violated when the district court sentenced him based on facts that were not found beyond a reasonable doubt. *See United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005) ("As a general rule, the preponderance of the evidence standard is the appropriate standard for factual findings used for sentencing."), *cert. denied*, 126 S. Ct. 2959 (2006).

Finally, because the district court acknowledged that the guidelines were advisory, took the advisory guidelines range into consideration and considered the sentencing factors in 18 U.S.C. § 3553(a), before imposing a sentence above the recommended guidelines range, Roberts' sentence is reasonable. *See United States v. Mix*, 450 F.3d 375, 381 (9th Cir. 2006) ("Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less. A district court is not required to refer to each factor listed in § 3553(a).") (internal citation and quotation omitted).

**AFFIRMED.**